EIGHTH AND NINTH AVENUES RAILWAY COMPANY and Cthers, Respondents, *v.* THE CITY OF NEW YORK and Others, Respondents, Impleaded with ROSENTHAL ENGINEERING CONTRACTING COMPANY, INC., Appellant, and MORANTI & RAYMOND, INC., and Others, Defendants.

First Department, November 2, 1928.

*Lawson R. Jones* of counsel [*Paul R. James* and *Maurice J. Sullivan* with him on the brief; *Lawson R. Jones* and *Edmund Glueck*, attorneys], for the appellant.

*Isidor Bregoff* of counsel [*O'Brien, Boardman, Fox, Memhard & Early*, attorneys], for the plaintiffs, respondents.

*Charles V. Nellany* of counsel [*Frank R. Rubel* with him on the brief; *George P. Nicholson, Corporation Counsel*, attorney], for the respondent the City of New York.

*William G. Fullen*, for the respondent Board of Transportation of the City of New York and its members.

MARTIN, J.   The Eighth and Ninth Avenues Railway Company, by its receivers, brought an action in equity against the city of New York and the Board of Transportation of the City of New York to restrain them from interfering with the track structure and the operation of the cars of that company along Eighth avenue and Central Park West from Twelfth street to One Hundred and Twenty-third street, borough of Manhattan, and from doing other acts resulting in damage to plaintiff's property, and asked judgment for the sum of $2,500,000 to compensate it for the damages alleged to have been suffered.

The wrongs set forth as a foundation for the claim, it is alleged, have resulted from the building of the Eighth avenue subway in such a manner as practically to prevent the operation of plaintiffs' system of transportation.

The action was commenced on January 10, 1927.   The city of New York answered on March 15, 1927, and the Board of Transportation answered on March 18, 1927.   The contractors who were engaged in the construction of the subway were brought in as parties defendant upon the application of the city of New York and the Board of Transportation of the City of New York as provided by section 193, subdivision 2, of the Civil Practice Act.

Pursuant to an order to show cause dated April 20, 1927, obtained by the city of New York and the Board of Transportation of the City of New York, the plaintiffs were directed to serve these defendants with a bill of particulars.   Thereafter, a bill of particulars was served.   The added defendant, the contractor, has now moved for an order directing that the plaintiffs or the defendants the city of New York and the Board of Transportation give this defendant a bill of particulars.

The defendants are entitled to such particulars.   The difficulty presented by this application is the procedure to be followed to bring about the service of a proper bill of particulars on all the parties entitled thereto.   Although these plaintiffs sued the city

of New York and the Board of Transportation of the City of New York, it is apparent that the city of New York is without information with reference to the claims which are the basis for the action and is not in a position to defend the action. It is contended by plaintiff that the contractor interfered with the operation of the street surface railway. The real party defendant, therefore, appears to be the contractor. The difficulty in this case might have been avoided if the city of New York had made a cross-motion to compel the plaintiffs to serve a bill of particulars similar to that demanded in the motion papers.

The bill of particulars should come from the plaintiffs to the defendant contractor. The motion for a bill of particulars against the city of New York and the Board of Transportation should, therefore, be granted. The city of New York and the Board of Transportation should apply for a similar bill of particulars, coextensive in all respects with that which they are directed to serve, and the time for serving such bill by the city of New York and the Board of Transportation should be extended until an opportunity is given to apply at Special Term for such relief. When the city of New York and the Board of Transportation have received a bill of particulars from the plaintiffs, they should serve it upon the defendants, but should not be compelled to serve any other or different bill than the court compels the plaintiffs to furnish to the city of New York and the Board of Transportation. Such a course will be binding on all the parties to this action and serve the purpose for which a bill of particulars was intended.

The defendants are entitled to know the extent of plaintiffs' claim and the plaintiffs should be in a position to set forth the claims which they assert represent the damages which they have suffered. There may be some reason not now apparent which may be offered as an excuse for the failure to give the particulars demanded. We are not now in a position to anticipate what the result may be, but the applications may be readily disposed of at Special Term where the justice presiding will be in a position to work out a proper solution of the entire matter.

The order denying the motion of defendant company for a bill of particulars from the city of New York and the Board of Transportation should be reversed, with ten dollars costs and disbursements to the appellant, and the matter referred to the Special Term for disposition as above indicated.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and the matter remitted to the court at Special Term for disposition as indicated in opinion.