Anthony J. Di Giovanna, J.
This is a motion for an order vacating the demand of the defendant Conart for a bill of particulars with respect to the cross claim of the defendant Roadway.
The complaint alleges that on October 25, 1960 plaintiff entered into a contract with Conart for the purchase of a rotary press, which contract provided among other things that the press was to be safely skidded and crated by Conart before delivery to the common carrier designated by the plaintiff; that Conart breached said contract by negligently skidding and crating said press, as a result of which it was damaged. It is is further alleged that on October 31, 1960 plaintiff caused to be delivered to Roadway the rotary press which Roadway undertook to safely and securely transport to plaintiff’s consignee at Louisville, Ky. It is charged that Roadway negligently loaded and transported the press so that it became damaged.
*687 In its answer Roadway has a cross complaint against Conart under the provisions of section 264 of the Civil Practice Act, in which it claims indemnification from Conart on the theory that Conart was primarily negligent and Roadway passively negligent.
The court finds difficulty in understanding the theory upon which Conart seeks a bill of particulars. Until the plaintiff has recovered a judgment against both defendants, indemnification will not be required. Judgment against both defendants will be dependent upon the facts the plaintiff proves in its case against both defendants. Whether either defendant was passively or actively negligent will depend upon the evidence offered by the plaintiff. Until the facts relied upon by the plaintiff are proven at the trial it would seem to be unnecessary to require Roadway to state the facts upon which it seeks judgment on its cross complaint.
Peculiarly, the court finds only one case in this jurisdiction on this subject matter. It would appear that if Conart is technically entitled to a bill of particulars from Roadway it would only be the very same bill of particulars which the plaintiff has served upon Roadway. (Eighth & Ninth Aves. Ry. Co. v. City of New York, 224 App. Div. 467, 470, 471.)
Therefore, this motion is granted to the extent only that the defendant Roadway is required to serve upon Conart a copy of the bill of particulars already served upon it by the plaintiff, or if none has yet been served, this motion will be denied without prejudice to renewal after such procedural step has been completed.