■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD JAFFEE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 30, 1972, convicting him of four counts of grand larceny in the second degree, on a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The four counts of the indictment charged defendant with grand larceny in the second degree arising out of his obtaining the proceeds of four checks made to his order by the complainant. The complainant testified that the checks had been given to defendant to invest in certain real property. Defendant, on the other hand, testified that the checks represented a loan to him by the complainant. Three of the checks bore the word " atty " after defendant's name in the payee space. Over objection, a prosecution witness who is a practicing attorney was permitted to testify that such an appendage after the name of a payee indicates that the payment is for an escrow fund and is not the property of the payee. We are of the opinion that in light of the clearly drawn factual claims in this case it was error to permit this witness to testify as to his view of the meaning of the appendage " atty ". Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.

■   THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DARRYL KING, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 24, 1971, convicting him of murder, manslaughter in the second degree, attempted robbery in the first degree, attempted grand larceny in the third degree, assault in the first degree (two counts) and possession of a weapon as a felony, upon a jury verdict, and imposing sentence. Judgment affirmed. In our opinion, it was not error for the trial court to conduct the *voir dire* examination under the then existing rule (22 NYCRR 20.13) of the Administrative Board of the Judicial Conference (see *People* v. *Bush*, 40 A D 2d 591; *People* v. *Caputo*, 38 A D 2d 792; *People* v. *Scianameo*, 39 A D 2d 721). Hopkins, Acting P. J., Munder and Latham, JJ., concur; Martuscello and Benjamin, JJ., concur in the result, with the following memorandum: If the introduction of the evidence with respect to the holster was error, we deem the error excusable in view of the overwhelming proof of guilt.