Bernard F. McCaffrey, J.
The threshold question in this matter is, whether, since the decision of Dole v Dow Chem. Co. (30 NY2d 143), a codefendant is now entitled to a bill of particulars from a cross-claiming defendant. The plaintiffs have instituted suit against these named defendants, and *584 others, alleging that due to defects in the neurostimulator manufactured by defendant, Avery, the plaintiff was injured at codefendant’s St. Barnabas Hospital, where such device was implanted and where the plaintiff received care and treatment for an underlying condition requiring such implantation.
The defendant, Avery, has instituted a cross claim for an apportionment of damages (under the theory of Dole v Dow) against the named codefendants, including St. Barnabas Hospital. Along with its answer to this cross claim the codefendant, St. Barnabas Hospital, has served a demand for a bill of particulars upon the cross-claiming defendant, Avery.
Prior to the decision of Dole v Dow, there appear to have been only two reported decisions concerning this matter, the first of which was a decision by the Appellate Division, First Department, in November, 1928, in the matter of Eighth & Ninth Ave. Ry. Co. v City of New York (224 App Div 467), and the other reported decision was Thomas Eng. Co. v Conart Co. (33 Misc 2d 686) both of which held that the cross-claiming defendant would at most only be required to serve upon the codefendant, a copy of the bill of particulars already served upon it by the plaintiff.
There has been no underlying change in the applicable principles of law that existed before Dole v Dow. Any procedural changes that may have been initiated by Dole v Dow are not such which would require a cross-claiming defendant to now serve a bill of particulars, particularly in view of the current liberalized discovery procedures. Furthermore, the codefendant, St. Barnabas Hospital, has not shown any prejudice or special circumstances to require the service of a separate and distinct bill of particulars at this time.
A cross claim is in the nature of a contingent liability claim, and is not called into play unless liability is found on behalf of one or more of the defendants who are instituting the cross claim as against the other codefendants. The cross-claiming defendant raises the issue of a codefendant’s negligence only when and if the cross-claiming defendant is found to be liable, and it is only at this time that the cross-claiming defendant may seek indemnification against the codefendant. Therefore, no purpose would be served by requiring the cross-claiming defendant to serve a separate and distinct bill of particulars until the facts relied upon by the plaintiff are proved.
If defendant, St. Barnabas Hospital, is entitled to a bill of particulars from defendant, Avery Laboratories, Inc., they *585 would only be entitled to the same bill of particulars which the plaintiff has served upon Avery Laboratories, Inc. (Eighth & Ninth Ave. Ry. Co. v City of New York, supra). Accordingly, defendant, Avery Laboratories, Inc., shall serve a copy of the plaintiffs’ bill of particulars on the defendant, St. Barnabas Hospital, in the event the plaintiff has not already done so. If, as yet, the plaintiffs have not served a bill of particulars, when they do, the defendant, Avery Laboratories, Inc., shall serve a copy thereof on the defendant, St. Barnabas Hospital.
Therefore, the motion by defendant, Avery Laboratories, Inc., for an order pursuant to CPLR article 31 and CPLR 3042 striking the demand for a bill of particulars interposed on behalf of the defendant, St. Barnabas Hospital, against whom the defendant, Avery Laboratories, Inc., has cross-claimed under the doctrine of Dole v Dow, is granted to the extent noted herein.