Roger J. Miner, J.
Defendant Leonard King moves to compel the service of a bill of particulars by defendant Chrysler Corporation in connection with Chrysler’s Dole v Dow cross claim against movant in an action to recover for personal injuries.
In his demand for particulars movant sought only a copy of the answers furnished by plaintiff in response to Chrysler’s interrogatories and an itemized statement of the negligence charged by Chrysler to movant. The copy of answers to the interrogatories was furnished, but Chrysler contends that a cross-claiming defendant need not furnish a bill of particulars itemizing the negligence claimed against a codefendant, relying upon the rationale of Rufe v St. Barnabas Hosp. (87 Misc 2d 583).
The court respectfully disagrees with the proposition that "no purpose would be served by requiring the cross-claiming defendant to serve a separate and distinct bill of particulars until the facts relied upon by the plaintiff are proved.” (Rufe v St. Barnabas Hosp., supra, p 584.) CPLR 3041 provides: "Any party may require any other party to give a bill of particulars of his claim”. The purpose of a bill of particulars is to amplify the pleadings, limit the proof and prevent surprise at the trial. (Cirelli v Victory Mem. Hosp., 45 AD2d 856.)
Conceivably, the negligence alleged by a cross-claiming defendant may be different from the negligence relied upon by a *152 plaintiff. Although the cross-claiming defendant must first be found liable before seeking indemnification against a codefendant, the issues generally are determined upon the same trial. Prior to that time the pleadings should be amplified and the proof limited with respect to the negligence alleged. (CPLR 3043, subd [a], par [3].)
Accordingly, defendant Chrysler will be directed to itemize the negligence charged to movant to the extent that such negligence is separate and distinct from that alleged by plaintiff.