■ PETER BAZINET, Appellant, v ROBERT LORENZ, Respondent, et al., Defendants.—In a negligence action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Westchester County, dated November 17, 1978, which denied his motion to dismiss the third affirmative defense of defendant Lorenz, that the complaint does not state a cause of action as against him. Order reversed, on the law, without costs or disbursements, and motion to dismiss the third affirmative defense granted. In this negligence action in which plaintiff claims severe injuries as a result of a three-car automobile collision, defendant Lorenz interposed in his answer, as a third affirmative defense, that the complaint, as to him, fails to state a cause of action. The motion to dismiss that defense is granted. The defense that a claim fails to state a cause of action may not be interposed in an answer *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852; see, also, Farrell, Civil Practice, 29 Syracuse L Rev 449, 496; contra *Riland v Todman & Co.,* 56 AD2d 350; *Prompt Elec. Supply Co. v W. E. Tatem, Inc.,* 43 Misc 2d 333; McLaughlin & Graziano, Civil Practice, 23 Syracuse L Rev 275, 290). Titone, J. P., Suozzi, Lazer and Cohalan, JJ., concur.

■ FRANCIS M. BERNARDO et al., Plaintiffs, v KEVIN P. BEGOS, JR., et al., Respondents, and GENERAL MOTORS CORPORATION, Appellant.—In an action to recover damages, *inter alia,* for negligence, the defendant General Motors Corp. (hereinafter GMC) appeals from so much of an order of the Supreme Court, Westchester County, entered June 2, 1978, as granted that branch of the motion of the defendants Kevin and Walter Begos to vacate its demand that they serve a verified bill of particulars with respect to their cross claim against GMC. Within 20 days after service upon the defendants Begos of a copy of the order to be entered hereon with notice of entry thereof they shall serve a notice upon defendant GMC stating whether they intend to rely solely on plaintiffs' proof in proving their cross claim against GMC. In the event that their notice indicates that they do intend to rely solely on plaintiffs' proof, then order affirmed insofar as appealed from, without costs or disbursements. If such notice indicates, to the contrary, that they intend to adduce independent or additional proof of their cross claim, then order modified by adding to the second decretal paragraph thereof after the word "granted" the following: "only as to items 1 through 13, 16 and 17 and is otherwise denied" and, as so modified, order affirmed insofar as appealed from, without costs or disbursements. In this case the defendants Begos have asserted a cross claim against GMC for contribution or indemnity in the event they are held liable to the plaintiffs. It is our opinion that in such a case the party against whom the cross claim is asserted is entitled to a bill of particulars from the cross-claiming defendants provided they intend to adduce independent proof in establishing their cross claim (see *Smith v King,* 91 Misc 2d 151; *Hinklein v Genway Corp.,* Supreme Ct, Suffolk County, March 22, 1978, Gowan, J.) and, to that extent, we disapprove of the holding in *Rufe v St. Barnabas Hosp.* (87 Misc 2d 583). GMC's demand for a bill of particulars was overbroad to the extent indicated herein. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.