■ KENNETH TREVITHICK et al., Appellants, v ABBOTT LABORATORIES et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered September 25, 1978 in Schenectady County, which denied plaintiffs' motion for leave to serve an amended complaint. Plaintiff contends he sustained injury from improper diagnosis and treatment with an unfit drug manufactured by Abbott Laboratories (Abbott) while he was a patient at Ellis Hospital on or about February 6, 1971. A summons was served on January 24, 1974 and the complaint followed on May 25, 1975. It alleged a cause of action in negligence against the hospital and asserted a breach of express and implied warranties against Abbott. All pleadings and pretrial proceedings were completed by December 16, 1977, and defendant Abbott served a 45-day notice pursuant to CPLR 3216 on May 8, 1978. Plaintiff responded with a notice of motion seeking leave to serve an amended complaint in order to add causes of action against Abbott in strict products liability and negligence on a theory of *res ipsa loquitur,* and asked for permission to interpose causes of action in breach of warranty and strict products liability against Ellis Hospital. Special Term, in the exercise of its discretion, denied the motion as prejudicial to the rights of the defendants in both "timing and scope." We agree. While the applicable statute provides that permission to amend pleadings is to be freely given (CPLR 3025, subd [b]) and such amendments are usually allowed absent laches, surprise or undue prejudice *(De Forte v Allstate Ins. Co.,* 66 AD2d 1028), the ultimate decision is a matter within the trial court's discretion (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3025, C3025.4, p 476). In upholding the exercise thereof, we conclude that the present attempt to add new and different theories of recovery, over seven years after the incident in question, was properly rejected upon the grounds of laches and undue prejudice, particularly when, as here, plaintiff possessed

knowledge of the underlying facts at the time of his original pleading (see *Jochnowitz v Sheehan,* 42 AD2d 707). Plaintiff maintains that the proposed strict products liability cause of action against Abbott works neither prejudice nor surprise since it was placed on notice of such a claim by the original breach of warranty assertions and, therefore, that the proposed amendment should stand (cf. *Jerry v Borden Co.,* 45 AD2d 344). However, a cause of action in strict products liability does generate a new theory of recovery and would place an additional burden upon the defendant seven years after the event which is alleged to have caused the injury. Such a cause of action sounds in tort, not contract *(Victorson v Bock Laundry Mach. Co.,* 37 NY2d 395), and defendant Abbott can legitimately claim surprise, laches and prejudice. Moreover, as to the defendant Ellis Hospital, there can be no question but that causes of action for breach of warranty and strict products liability are not available *(Perlmutter v Beth David Hosp.,* 308 NY 100; *Osborn v Kelley,* 61 AD2d 367). Order affirmed, with costs. Sweeney, Kane and Staley, Jr., JJ., concur.

Mahoney, P. J. and Mikoll, J., concur in part and dissent in part in the following memorandum by Mikoll, J. Mikoll, J. (concurring in part and dissenting in part). Plaintiff's motion to amend his complaint by adding a new theory of recovery, that is, one based on strict products liability against Abbott Laboratories should be granted. Special Term abused its discretion in holding that the delay in filing the amended complaint was inexcusable and constituted laches. Mere lateness is not a barrier to an amendment. CPLR 3025 (subd [b]) provides that amendments in pleadings should be freely granted. Only lateness coupled with prejudice to the other side justifies a denial of the amendment (Siegel, Practice Commentaries, Mc-Kinney's Cons Laws of NY, Book 7B, CPLR 3025, C3025:5). The addition of a strict products liability cause of action against Abbott Laboratories does not prejudice the defendant. The original complaint averred a cause of action based on breach of warranty. This put Abbott effectively on notice of the material elements of a cause of action in strict products liability. No new information is being supplied by the amended complaint. Strict products liability and liability to a remote user based upon implied warranty are one and the same cause of action, the former having replaced the latter by the evolutionary decisions of the Court of Appeals *(Dickey v Lockport Prestress,* 52 AD2d 1075). The order should be modified by granting plaintiffs' leave to amend their complaint to include a cause of action in strict products liability against defendant Abbott Laboratories.