OPINION OF THE COURT
Bernard F. McCaffrey, J.
Though the procedure and practice of a cross claim for contribution or indemnity being instituted in the main action has long since become part of the established practice since being first enunciated in the case of Dole v Dow Chem. Corp. (30 NY2d 143), it is of some note that, even as of this date there is still conflict arising as to when and to what extent a cross-claiming defendant is required to serve a separate and distinct bill of particulars on the codefendant.
Plaintiffs bring an action against defendants claiming that plaintiff’s injuries were caused by the alleged negligence of defendants. The defendant, John Taylor doing business as Taylor Floor Waxing (hereinafter Taylor) answered by denying plaintiffs’ allegations, and asserted as an affirmative defense that whatever damages plaintiffs may have sustained were caused in whole or part by plaintiffs’ own culpability. Defendant, Taylor, further alleged that, if defendant, Taylor, is in any way answerable for plaintiff’s injuries, then in that event such damages *179 were caused by defendant, Hempstead China Shop (hereinafter Hempstead), alleging primary and active negligence of defendant, Hempstead, with the negligence, if any, on the part of defendant, Taylor, being secondary and/or derivative only. Hence, defendant, Taylor, cross-claims over against defendant, Hempstead, in the event and in the amount of recovery herein by plaintiffs.
In this motion defendant, Hempstead, seeks a preclusion order based upon the failure of defendant, Taylor, to serve defendant, Hempstead, with a verified bill of particulars relative to its claim against defendant, Hempstead. Defendant, Taylor, on the other hand, takes the position that it need only furnish defendant, Hempstead, with a copy of the bill of particulars served by plaintiffs on defendant, Taylor.
In opposition to the codefendant’s demand, Taylor points to Weinstein-Korn-Miller (NY Civ Prac, vol 3, par 3041.09) and the case of Thomas Eng. Co. v Conart Co. (33 Misc 2d 686) where the court held, in a similar situation, that until the plaintiff has succeeded in his action and acquired a judgment against both defendants, a bill of particulars will not be required. That case, however, predated Dole v Dow Chem. Corp. (supra) by 10 years, and CPLR article 14 on contribution by 12 years.
Since CPLR 1403 provides that contribution may be claimed in a separate action or by cross claim, counterclaim, or third-party claim in a pending action, it appears to this court that under the modern concept of contribution, a bill of particulars may, upon a proper showing, be demanded of a cross-claiming defendant (Smith v King, 91 Misc 2d 151), as in a third-party proceeding in a pending action. (Paldino v E.J. Korvettes, Inc., 65 AD2d 617.)
To the degree that the Appellate Division, Second Department, in the matter of Bernardo v Begos (70 AD2d 582), cited with approval of Smith v King (supra), and to some degree disagreed with a prior holding of this court in the matter of Rufe v St. Barnabas Hosp. (87 Misc 2d 583), this court respectfully notes that the holdings are not in conflict, for in the matter of Rufe v St. Barnabas Hosp. (supra) this court found that St. Barnabas Hospital had not shown any special circumstances to require the service of a *180 separate and distinct bill of particulars, it being clear on the papers submitted that the cross-claiming defendants did not intend to adduce independent proof in establishing their claim.
However, in the present matter before the court, it is not clear what independent or additional proof the cross-claiming defendant intends to prove against the defendant, Hempstead.
Therefore, it is the ruling of this court in the case at bar that defendant, Hempstead, is entitled to a bill of particulars from defendant, Taylor, provided within 20 days after service upon defendant, Hempstead, of a copy of the order signed herewith, defendant, Taylor, shall serve a notice upon defendant, Hempstead, stating whether it intends to rely solely upon plaintiffs’ proof, then, that being the case, defendant, Hempstead, is not entitled to a bill from defendant, Taylor, and the motion to preclude is denied. If such notice indicates to the contrary, that is, that defendant, Taylor, intends to adduce independent or additional proof of the cross claim against defendant, Hempstead, then defendant, Taylor, is required to furnish defendant, Hemp-stead, with a bill of particulars and the motion to preclude is granted, unless defendant, Taylor, serves its bill of particulars upon defendant, Hempstead, within 10 days after service upon defendant, Hempstead, of defendant, Taylor’s, notice of intent. (See Bernardo v Begos, 70 AD2d 582, supra.)