■ ERNESTO DI PROSPERO et al., Appellants, v FORD MOTOR COMPANY, Respondent, et al., Defendant. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered October 17, 1980 in Schenectady County, which, *inter alia,* denied plaintiffs' cross motion for leave to serve an amended complaint. Order affirmed, with costs (see *Trevithick v Abbott Labs.,* 72 AD2d 840, app dsmd 48 NY2d 1027). Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.

Mahoney, P. J., dissents and votes to modify in the following memorandum. Mahoney, P. J. (dissenting). I dissent. Here, the proposed complaint amendment, in response to defendant Ford Motor Company's motion to serve a second amended answer containing a needless defense that the complaint fails to state a cause of action (see *Bazinet v Lorenz,* 70 AD2d 582), does not add any new facts to the case but only seeks to add a cause of action in strict products liability, a theory of recovery not available when the original complaint was served in 1972 (cf. *Codling v Paglia,* 32 NY2d 330). Thus, plaintiffs' cross motion seeks leave to make a conceptual rather than a factual amendment to the complaint (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3025:8, pp 479-480). Defendant Ford Motor Company, from the original complaint alleging a cause of action in breach of warranty, bill of particulars and examinations before trial, was given ample notice of the facts and transactions relied upon and, apart from the issue of privity essential to the warranty action, was completely aware of the material elements requisite to a cause of action in strict products liability. The form of the complaint and the label attached by the pleader to the cause of action should not control (*Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239; *Jerry v Borden Co.,* 45 AD2d 344, 347). Finally, the majority's reliance on this court's decision in *Trevithick v Abbott Labs.* (72 AD2d 840, app dsmd 48 NY2d 1027) is misplaced. *Trevithick* was decided subsequent to *Codling v Paglia* (*supra*), and the breadth of the motion to amend the complaint was much greater than here, thereby creating what the majority in *Trevithick* felt was undue prejudice to the defendant. No such prejudice is here demonstrated by defendant Ford Motor Company. I would modify the order below by reversing that portion which denied plaintiffs' cross motion for leave to amend the complaint and would grant the cross motion.