## (December 15, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. MAGEE, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered January 22, 1982, upon a verdict convicting defendant of the crime of grand larceny in the third degree. Defendant was indicted for the crime of grand larceny in the third degree in violation of subdivision 4 of section 155.30 of the Penal Law. More specifically, the indictment charged him with stealing certain property consisting of credit cards which were enumerated. After a trial, defendant was found guilty as charged and sentenced to a term of incarceration of not less than two nor more than four years. This appeal ensued. The sole issue raised on this appeal is the propriety of the trial court's ruling in refusing, as requested by defendant, to charge the lesser offense of petit larceny. The record reveals that on or about June 5, 1981, a wallet was taken from a car parked on a public street in Elmira, New York. Shortly thereafter, the owner of the wallet saw defendant walking down the street with the wallet in his hand. The police were called and defendant was arrested at his nearby apartment. At trial defendant admitted taking the wallet. He testified, however, that he removed a $20 bill plus some change. He also testified that he was unaware of the credit cards and that, after removing the money, he discarded the wallet in the garbage. The record further reveals that when the wallet was recovered by the police, the credit cards were in the compartment. It is most significant that defendant is specifically charged with stealing certain enumerated credit cards, not the

wallet and its monetary contents. Concededly, defendant stole the wallet containing the credit cards. Consequently, for a period of time, he had deprived the owner of the cards. To resolve the issue raised, we must apply the two-pronged test recently outlined by the Court of Appeals in *People v Glover* (57 NY2d 61), which instructs us that a defendant must make two showings to demonstrate entitlement to a lesser included offense charge. First, it must be established that the additional offense that defendant wishes to have charged is in fact a "lesser included offense". To satisfy this test, the defendant must show that the offense is of a lesser grade or degree and "that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense" (*id.,* at p 63). If the above is established, the defendant must then show that there is a reasonable view of the evidence *in the present case* that would support a finding that he committed the lesser offense but not the greater. We are of the opinion that defendant has fulfilled the first prong of the *Glover* test. A person commits petit larceny when he "steals property" (Penal Law, § 155.25). A person commits grand larceny in the third degree when, *inter alia,* he "steals property and * * * the property consists of a credit card" (Penal Law, § 155.30, subd 4). A credit card is certainly property. Defendant, however, has failed to satisfy the second prong of the *Glover* test. The record reveals that credit cards were in the wallet admittedly stolen and discarded by defendant. There is nothing in the record to refute the evidence that the wallet, admittedly stolen by defendant from a parked car, contained credit cards therein. Accordingly, there is no reasonable view of the evidence that would support a finding that defendant committed the lesser offense but not the greater. Since defendant failed to satisfy the second prong of the *Glover* test, the trial court properly refused to charge the lesser included offense of petit larceny. For this reason, the judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.