OPINION OF THE COURT
Sheldon S. Levy, J.
Is an expired credit card still a “credit card” within the meaning of the felony statutes relating to larceny and criminal possession of stolen property? The subject, surprisingly, is one of first impression.
The facts of the instant case, and the resultant charges leveled against defendant Ralph Timmons, are simply stated. On September 28,1983, at about 3:30 p.m., on West 46th Street, Manhattan, a man appropriated and rode away with the bicycle of complainant, Stephan Barat. As the thief fled, Barat swung his shoulder bag at him, but the man grabbed the bag and escaped. The bag contained various personal possessions of Barat, including a Visa credit card. The expiration date on the credit card happened to be the end of April, 1983, some five months before the larceny.
About one month after the theft, while defendant was living with his girlfriend in a room of her mother’s home, the mother found in the room and turned over to the police *767 a group of complainant’s property, including the subject credit card. The defendant, thereafter, was identified in a lineup and was arrested.
Defendant was indicted for the theft of the bicycle (Penal Law, § 155.25 — petit larceny, a class A misdemeanor); for the theft of the shoulder bag from the person of Stephan Barat (Penal Law, § 155.30, subd 5 — grand larceny in the third degree, a class E felony); for the theft of the credit card (Penal Law, § 155.30, subd 4 — grand larceny in the third degree, a class E felony); and for the knowing possession of a stolen credit card (Penal Law, § 165.45, subd 2 — criminal possession of stolen property in the second degree, a class E felony).
At the conclusion of the presentation of the People’s evidence at trial, the defendant moved, inter alia, for a trial order of dismissal as to the two felony counts involving the stolen credit card or, alternatively, for a reduction of those charges to their respective misdemeanor counterparts. The defense argued — without legal citation — that an expired credit card does not fall within the criminal statutory proscriptions, and that it has either no value or minimal value. The People responded — also without legal citation — that the expiration of a credit card does not change its status in terms of criminal sanctions. The People, for a variety of previously unreported reasons, are correct.
The theft of a credit card (Penal Law, § 155.30, subd 4), like the theft of such items as public records, secret scientific material and guns (see Penal Law, § 155.30, subds 2, 3 and 7, respectively), is considered serious enough to disregard value in determining the degree of crime and to charge all such types of larcenies as felonies. Moreover, a thief who steals a credit card need not even be cognizant of the precise nature of what he has stolen to be charged with the full consequences of his criminal act and with the highest degree of crime committed (see People v Magee, 98 AD2d 874).
Both subdivision 4 of section 155.30 of the Penal Law (larceny of a credit card) and subdivision 2 of section 165.45 of the Penal Law (criminal possession of a stolen credit card) were enacted in 1969 as part of a comprehensive plan on the part of the Legislature to combat credit *768 card theft and abuse. Until that time, stealihg and criminally possessing credit cards were only misdemeanor offenses (petit larceny and criminal possession of stolen property in the third degree) because the value of the cards was considered to be merely the minimal cost of manufacture. In raising credit card theft and criminal possession to crimes of felony magnitude, the Legislature was simply reacting to the fact that “a stolen credit card has an immense financial potential in the hands of the thief and may represent an ominous financial threat to the issuer or owner of the card” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 155.30, p 156).
None of the criminal statutes pertaining to credit cards, however, define that crucial term. Instead, subdivision 7 of section 155.00 of the Penal Law provides that the definition of credit card found in section 511 of the General Business Law is the definition to be followed for Penal Law purposes as well.
Subdivision 1 of section 511 of the General Business Law originally read: “‘Credit card’ means and includes any credit card, credit plate, charge plate, courtesy card, or other identification card or device issued by a person to another person which authorizes the holder to obtain credit, or to purchase or lease property or services on the credit of the issuer or of the obligor” (L 1961, ch 549, § 1, eff Jan. 1, 1962; emphasis added). This definition of credit card clearly excluded an out-of-date card, for when a credit card expires, the license to use it expires as well.
However, in 1970, the legislative drafters, obviously cognizant of the expanding improper use of both proper and defective credit cards, amended and enhanced the meaning of “credit card” to include any card or device which “may be used” to obtain a. cash advance, a loan or credit, instead of one which merely “authorizes the holder” to obtain such benefits (L 1970, ch 988, § 1, eff Sept. 1, 1970; emphasis added).
From the modified wording of this statute alone, it is readily discernible that the intended import of the term “credit card” was no longer to be confined only to valid *769 credit cards. It requires neither sloppy semantics nor vulgar vernacular to appreciate that an accepted and acceptable equivalent of “may be used” is “has the potential or possibility of being used.” Once this meaning is adopted and the phrase “may be used” is afforded such a workable, logical and commonsense definition, it is plain that an expired credit card, or any other type of defective credit card, falls within the statutory meaning of “credit card,” and, as a matter of reality and practicality, still “may be used” in the same manner as a currently valid one to secure any of the enumerated benefits.
Moreover, any lingering doubt as to the meaning of such inclusive language was definitively dispelled the following year when a definition of “improper use” of a credit card was appended to section 511 of the General Business Law (see General Business Law, § 511, subd 8). This section reads as follows: “ Improper use’ means unauthorized use of a credit card or use of a revoked, cancelled, expired or forged credit card at the premises of a seller or lender, to obtain a cash advance or loan, or to purchase or lease property or services on the credit of the issuer or holder, or to attempt to do so” (L 1971, ch 1050, § 2, eff July 2, 1971 [emphasis added]).
Thus, the illegal employment of an expired credit card as a means of obtaining or attempting to obtain cash, credit, property or services was then itself specifically recognized by statute as a viable possibility. As the legislative memorandum in support of this provision explained, its addition was designed to cover “common occurrences in the credit card industry” (Dunne, Memorandum in Support of S8402A [1970]). In fact, not only is the improper use of an expired credit card possible, but it is all too probable.
Unfortunately, in “the real world”, where rushed, inattentive or overly accommodating sales clerks or credit managers are involved, a stolen credit card, even if expired, can still easily be improperly employed by any unscrupulous individual for criminal activity and to cause financial loss, annoyance and embarrassment to the named holder or issuer or both. More sophisticated criminals may go a step further and actually alter the expiration date on an expired card. Furthermore, even an expired *770 credit card, by serving as a means of identification, can make it easier for a thief to use stolen checks. Thus, there is obvious wisdom to the continual admonition of credit card issuers that expired cards should be destroyed immediately.
It is clear, then, that the high ideals and public policy considerations inherent in the promulgation of such consumer protection credit card legislation are neither altered nor diminished merely because of the unforeseeable circumstance that a particular stolen credit card may have passed its expiration date for valid use.
When credit cards are stolen, it is the theft itself which is paramount and which should be fully punished. The actual category of the credit cards, whether valid, canceled, revoked, expired or otherwise defective is secondary. Since all such credit cards are almost equally subject to subsequent criminal use and abuse, the status of the cards should not be the sine qua non either of criminal liability or of warranted sanctions.
In addition, it should be noted that the possession of two or more stolen credit cards is presumptive evidence that the possessor has knowledge that the credit cards were stolen (Penal Law, § 165.55, subd 3). In fact, this presumption usually affords the prosecution the only practical method of proving, at least prima facie, this element of the crime of criminal possession of such stolen property. Should use of the presumption be disallowed merely because the validity dates of particular of the credit cards involved have expired? What if some of the cards had expired only recently before their discovery? How could the People ever prove the exact date when a defendant first possessed the subject card or cards if that defendant was not also shown to be the thief? Why should the People be required to do so?
The obvious answers to these questions provide another reason for the presently worded definition of a credit card to be accorded its clearly intended broad meaning. For purposes of the criminal statutes a “credit card” must be held to include any recognizable credit card, whether canceled, revoked, expired or otherwise defective.
*771 When stealing credit cards, the thief usually does not know, and does not care, whether the credit cards are presently valid. If the Legislature had felt a concern as to technicalities such as the current validity of a credit card as a basis for a criminal charge, it could easily have exempted from the definition of credit cards those which had been revoked or canceled or had expired. Not only did it not do so but, as previously set forth, its plain intention was to the contrary.
Accordingly, and for all of the reasons stated, an expired credit card is still a credit card for criminal statutory purposes. The defendant’s motion for a trial order of dismissal or for a reduction of charges as to the felony counts involving the stolen, but expired, credit card is, in all respects, denied.