OPINION OF THE COURT
Robert F. Doran, J.
In this matrimonial action, the first affirmative defense is that the complaint fails to state a cause of action. The plaintiff has moved to strike the affirmative defense.
Defendant opposed the motion citing the decision of the Appellate Division, First Department, in Riland v Todman & Co. (56 AD2d 350). The court has tested that decision and found there is conflict between the Appellate Division, First Department, and Appellate Division, Second Department.
The Appellate Division, Second Department, holds that the defense that a claim fails to state a cause of action may not be interposed in an answer (Glenesk v Guidance Realty Corp., 36 AD2d 852; Bazinet v Lorenz, 70 AD2d 582; Konow v Sugarman, 71 AD2d 1016).
The Appellate Division, Third Department, has also spoken. In Wheeler v Stevensville Hotel & Country Club (103 AD2d 945), the Appellate Division, Third Department, seems to lean toward the Appellate Division, First Department’s position in Riland, (supra), if the defendant, in opposing papers, indicates in what respect the defense has merit. Here, the defendant has not done so.
In this case, the court will follow the Appellate Division, *999 Second Department. It should be noted also that Presiding Justice Mahoney of the Appellate Division, Third Department, in his dissenting opinion in Di Prospero v Ford Motor Co. (87 AD2d 697) cites as authority the Appellate Division, Second Department’s decision in Bazinet v Lorenz (70 AD2d 582, supra.)