OPINION OF THE COURT
Donald J. Mark, J.
The defendant was charged with the crime of grand larceny, third degree, in violation of Penal Law § 155.30 (4), for the theft of two credit cards. At the close of the People’s case, pursuant to CPL 290.10 (1), the defendant moved for a trial order of dismissal, upon the ground that the People had failed to prove that the credit cards were valid and unexpired; that application was denied. Following a guilty verdict after a jury trial, the defendant moved to set aside the verdict upon the same ground pursuant to CPL 330.30 (1); that application was likewise denied.
The defendant very logically argued that unless the People *511 proved that the credit cards were not expired and were valid in that the maximum amount of credit had not been exceeded, the evidence was insufficient to sustain a conviction for this crime. For the reasons that follow, the two applications of the defendant were properly denied.
The defendant’s first argument — that there must be proof that the credit card was unexpired — was flatly rejected in People v Timmons (124 Misc 2d 766). There, the trial court denied a motion for a trial order of dismissal where the evidence showed that the credit card had expired some five months prior to the larceny. That court relied upon the definition of "credit card” contained in General Business Law § 511 (1) and the definition of "improper use” of a credit card contained in subdivision (8) of the same statute. This same reasoning could apply with equal force to the defendant’s second claim — that there must be proof that the credit card was valid.
However, although Timmons (supra) has not been explicitly overruled, grave doubt as to its validity was caused by People v Ames (115 AD2d 545). In that case the defendant was convicted of grand larceny involving the theft of a credit card and he appealed. The trial court had charged the jury that to convict it must find that "the credit card was usable by the owner to obtain credit and such credit had not expired;” it also instructed the jury on the lesser included offense of petit larceny. The defendant conceded the instructions were accurate but claimed there was a lack of evidence on this point. The prosecution relied upon Timmons and the factual inference from the complainant’s testimony that she called the issuer of the credit card "right away” to cancel it.[1] The Appellate Division, Second Department, never referred to Timmons but agreed with the prosecution that the complainant’s reporting the theft of the credit card to its issuer was sufficient evidence that the card was valid and unexpired when stolen to justify the conviction.[2]
There is another approach to this problem not adopted by *512 either of the cited cases, which is more appropriately determinative of this issue, and which is supported by People v Magee (98 AD2d 874), a decision of the Appellate Division, Third Department.[3] The defendant’s argument is basically that if he stole the credit cards believing that they were valid and unexpired when in fact they were invalid and expired, he could not be found guilty of this crime. This argument is flawed because of Penal Law § 15.20 (1) which provides: "A person is not relieved of criminal liability for conduct because he engages in such conduct under a mistaken belief of fact”.
Magee (supra) is illustrative of this principle, although it was decided under the authority of People v Glover (57 NY2d 61). In that case the defendant stole a wallet for the cash therein, and was unaware that the wallet contained credit cards. Nevertheless he was charged with the theft of the credit cards and not the wallet, and his request that the lesser included offense of petit larceny be charged was denied. The defendant’s conviction for grand larceny was sustained on appeal, because there was unrefuted evidence that the wallet contained credit cards. A more concrete example, because it was decided under this statute, is Matter of Mario Y. (75 AD2d 954), where a finding of juvenile delinquency based upon a charge of reckless endangerment was upheld in a situation where the juvenile fired a rifle into an occupied residence under the mistaken assumption that the residents were at work at the time.
The defendant’s mistaken belief in Magee (supra) that the wallet did not contain credit cards can be equated with the defendant’s "mistaken belief’ in this case that the credit cards were valid and unexpired. Thus, it is immaterial that the People offered no proof that the credit cards here were valid and unexpired.
Another consideration which should be discussed is the impact of Penal Law § 110.10, upon this factual predicate. That section provides as follows: "If the conduct in which a person engages otherwise constitutes an attempt to commit a *513 crime * * * it is no defense * * * that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission”. It could reasonably be argued that if the credit cards were invalid and expired, it would be factually and legally impossible for the defendant to commit grand larceny and he instead should be convicted of attempted grand larceny.
This is not the situation here because this was a consummated crime — the defendant accomplished the theft of the credit card — and not a crime aborted by factual or legal impossibility. An example of factual impossibility would be the case of a defendant who stole a purse believing that it contained credit cards when in fact the purse was empty (People v Moran, 123 NY 254 [the defendant was convicted of attempted grand larceny for putting his hand into the pocket of the intended victim and withdrawing it because the pocket was empty]). An example of legal impossibility would be the case of a defendant who stole credit cards which were fake and issued solely to trap the defendant (People v Babits, 122 Misc 2d 6, affd 116 AD2d 1047 [defendant convicted of attempted forgery by accepting a credit card from an individual known not to be the named cardholder but which individual had been validly issued the credit card by the bank as part of an undercovér operation to detect credit card fraud]).
Accordingly, the defendant was properly found guilty of the crime of grand larceny, third degree, for the theft of two credit cards, and his application for a trial order of dismissal and to vacate the verdict were properly denied.

. All this information is derived from the briefs of the parties on appeal.

. This testimony would only seem to indicate the complainant’s subjective belief that the credit card was valid and unexpired. If the complainant testified that the card was valid and unexpired, this would be a conclusion (see, People v Jaffee, 42 AD2d 587), but she could testify to the expiration date, maximum amount of credit and amount used to date of theft (see, People v Kenny, 36 AD2d 477, affd 30 NY2d 154).

. In the absence of an Appellate Division, Fourth Department, decision in this area, this court is bound to follow the applicable decision of another Department (Mountain View Coach Lines v Storms, 102 AD2d 663), but here there are two appellate opinions (see, Molinari v Molinari, 134 Misc 2d 998); this court need not resort to the latest decision (see, People v Propp, 172 Misc 314, revd on other grounds 284 NY 491), since that decision is not from the controlling Department (see, People v Waterman, 122 Misc 2d 489), and this decision is based upon a theory not heretofore invoked.