THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v GARY MOORE, Defendant.

Supreme Court, Nassau County, January 11, 1989

## APPEARANCES OF COUNSEL

*Matthew Muraskin* and *Nancy Garber* for defendant. *Denis Dillon, District Attorney,* for plaintiff.

## OPINION OF THE COURT

JOHN S. THORP, JR., J.

The defendant moves pursuant to CPL 210.20 for an order dismissing the second count of the indictment charging the crime of criminal possession of stolen property in the fourth degree on the grounds that the credit card upon which said count is predicated was expired and no longer valid at the time the defendant allegedly possessed it. The defendant also

seeks severance of the fourth count of the indictment charging the crime of resisting arrest on the grounds that joinder is not appropriate on any of the grounds set forth in CPL 200.20.

■ ■ The defendant's application to dismiss the second count of the indictment is granted and the defendant's application for severance of the fourth count of the indictment is denied.

In the case at bar, the People concede that the credit card was indeed expired and no longer valid but contend, however, that according to the holding in *People v Timmons* (124 Misc 2d 766), a New York County Supreme Court Trial Term case decided in 1984, a credit card need be neither valid nor unexpired to be a "credit card" within the meaning of Penal Law § 165.45 (2), criminal possession of stolen property in the fourth degree.

The defendant argues that *People v Ames* (115 AD2d 545), an Appellate Division, Second Department, decision rendered in 1885, controls. There, the court, while not specifically defining "credit card" for the purposes of the Penal Law statutes, held that the evidence before the jury at trial was sufficient to prove that the credit card was valid and unexpired, citing Penal Law § 155.30 (4) and General Business Law § 511 (1).

The People's counterargument that *Ames (supra)* did not address the issue of the necessity of proving the validity of a credit card and, therefore, does not overrule *Timmons (supra)* is unpersuasive.

■ By citing the Penal Law and General Business Law it can be assumed that the court in *Ames (supra)* did in fact consider the definitional issue and regarded it as settled that a credit card must be valid and unexpired in order for a possessor to be criminally responsible. This court is compelled to follow the ruling of the higher court and, therefore, defendant's application to dismiss the second count of the indictment charging the crime of criminal possession of stolen property in the fourth degree is granted.

■ Defendant's application for severance of count four charging the crime of resisting arrest is denied because the offenses were properly joinable pursuant to CPL 200.20 (2) (a) and (b) which read:

"[t]wo offenses are 'joinable' when:

"(a) They are based upon the same act or upon the same

criminal transaction, as that term is defined in subdivision two of section 40.10; or

"(b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first".

"Criminal transaction" as defined in CPL 40.10 (2) is: "conduct which establishes at least one offense, and which is comprised of two or more or a group of acts either (a) so closely related and connected in point of time and circumstance of commission as to constitute a single criminal incident, or (b) so closely related in criminal purpose or objective as to constitute elements or integral parts of a single criminal venture."

It is clear from a reading of these statutes that joinder is appropriate under either theory.

Therefore, the defendant's motion to dismiss the second count of the indictment is granted and his motion to sever the fourth count of the indictment is denied.