■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHINA MITCHELL, Appellant.—Judgment of the Supreme Court, New York County (Murray Mogel, J.), rendered on or about January 14, 1988, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fourth degree and sentencing defendant, as a second felony offender, to two concurrent prison terms of from 2 to 4 years, unanimously affirmed.

Testimony given by complainant Mary Greene and her companion, Lila Burg, established that, after defendant grabbed complainant's arm and feigned the onset of an asthma attack, complainant noticed her wallet missing from her handbag. Although neither the complainant nor Ms. Burg actually witnessed the theft of the wallet, complainant testified to hearing an onlooker yell to her, "look in your handbag, its open, where's your wallet." Ms. Burg testified that she saw a man hand complainant's wallet to the defendant. This unidentified man subsequently threatened complainant to "forget about" the incident. Additionally, complainant testi-

fied she observed her wallet tucked under defendant's arm, and that she proceeded to engage in a successful "tug-of-war" with defendant in order to regain possession of the wallet. The defendant and the unidentified man then fled as Ms. Burg yelled for the police.

Contrary to defendant's argument on appeal, the evidence in the record is sufficient to establish, by way of permissible inferences, that defendant stole complainant's wallet (see, Penal Law § 155.30 [5]; § 155.05 [1]; *People v Bleakley,* 69 NY2d 490, 495). Moreover, the actions and statements of the defendant sufficiently demonstrated that the defendant knew the wallet was stolen (see, Penal Law § 165.45). The People were not required to prove that defendant knew the wallet contained a credit card (see, Penal Law § 165.45 [2]; *People v Magee,* 98 AD2d 874).

Finally, we are unpersuaded that the sentence imposed was unduly harsh or severe. Taking into account, among other things, the crime charged, defendant's extensive criminal record, and previous parole violations, we perceive no abuse of discretion warranting a reduction in sentence (see, *People v Farrar,* 52 NY2d 302, 305). Concur—Kupferman, J. P., Ross, Milonas, Asch and Ellerin, JJ.