OPINION OF THE COURT
Bellacosa, J.
Defendant, acting as a "stall” in a pickpocketing ploy on the steps of the Metropolitan Museum of Art on Fifth Avenue in Manhattan on July 5, 1987, feigned illness and grabbed the "mark’s” arm while the "dip” lifted the wallet, containing a credit card, from the "mark’s” purse and slipped it to the defendant. The victim, holding on to her purse, grappled with defendant and regained possession of the wallet. Defendant then fled. She was pursued by bystanders and was quickly apprehended and arrested by a nearby police officer.
Defendant was convicted after a jury trial of grand larceny in the fourth degree (Penal Law § 155.30 [4] [stealing property consisting of a credit card]) and criminal possession of stolen *626 property in the fourth degree (Penal Law § 165.45 [2] [posses-, sion of stolen property consisting of a credit card]). The trial court overruled defendant’s objection to its instruction to the jury that "a person who steals a credit card need not even be aware of the precise nature of what [she] has stolen to be charged with the full consequences of [her] criminal act”. The Appellate Division affirmed and a Judge of this Court granted leave to appeal.
Defendant argues that the evidence of the possession count was insufficient because the People failed to prove that she knew the stolen wallet contained a credit card. We agree with the courts below and affirm the order of the Appellate Division upholding the conviction.
Penal Law § 165.45 (2) provides, in part, that a person is guilty of criminal possession of stolen property "when [she] knowingly possesses stolen property, with intent to benefit [herself] or a person other than an owner thereof or to impede the recovery by an owner thereof, and when: * * * 2. The property consists of a credit card” (emphasis supplied). The offense at issue thus plainly contains two culpable mental states — "knowingly” which is tied to the possession of stolen property, and "intent” which modifies "to benefit” or "to impede” (Penal Law §§ 15.10, 15.15). Neither of these culpable mental states, by law or syntax, relates to any of the several aggravating factors tacked onto the definition of the offense (compare, People v Register, 60 NY2d 270, 276, 278, cert denied 466 US 953). The unmistakable effect and location of the adverb "knowingly” is to pinpoint the primary culpable mental state component only on the criminal possessory act. That culpable mental state does not also arc over to the particular aggravating characterization of the property stolen — here, a credit card.
The statute, in its traditional composition, forbids defendants from knowingly possessing stolen property, adding that the criminal possession be accompanied by an unlawful intent to benefit the wrongdoer or to impede recovery. The degree of the crime is elevated if the stolen property is a credit card or one of several other things. The People must prove defendant knew the property was stolen but are not required to prove that she was cognizant of the precise and usually varying nature of the property she possessed in order to support an indictment and sustain a conviction for the full consequences of the criminal act, i.e., at the highest degree of crime commit *627 ted. "Knowledge of the existence of a specific article is not required if the defendant unlawfully acquires possession of a container [wallet] in which the article [credit card] is thereafter found” (3 Wharton’s Criminal Law § 360, at 320 [Torcia 14th ed 1980]; see also, People v Timmons, 124 Misc 2d 766, 767 [Sup Ct, NY County]; see also, People v Boyajian, 148 AD2d 740, 741-742, lv denied 74 NY2d 661; People v Burgin, 135 AD2d 1106, lv denied 71 NY2d 893; People v Magee, 98 AD2d 874).
Our interpretation is consistent with the statutory interpretation in several of the cited lower court cases and is further buttressed by the Legislature’s ensuing amendments to Penal Law § 165.45, which did not disturb that extant interpretation (see, L 1990, ch 450, § 2; L 1987, ch 556, § 11; L 1986, ch 515, § 5; see also, Lucenti v Cayuga Apts., 48 NY2d 530, 541; Matter of Trosk v Cohen, 262 NY 430, 435-436).
Defendant concedes that aggravating factors — such as the value of the property stolen — are factors to which a culpable mental state does not ordinarily attach. She contends, nevertheless, that the character of credit card stolen property is so integral to this offense that a culpable mental state must be judicially incorporated. The theory is that this particular factor elevating her possession to a felony range is so unique and different that it cannot be sustained without a culpable mental state element being added. Defendant is incorrect. This credit card factor is not essentially different in kind or effect from a host of other aggravating factors, and her proffered distinction or uniqueness does not warrant judicial engraftment of a culpable mental state that the Legislature chose not to insert in the statute as to any of the listed aggravating factors in Penal Law § 165.45 (2).
That the Legislature declined to attach any culpable mental state to this aggravating circumstance is not unusual. The Penal Law is replete with offenses which contain aggravating factors which elevate the degree of criminal responsibility without coupling a requirement of proof of a culpable mental state (see, e.g., Penal Law §§ 140.30, 155.42, 160.15, 165.54). If the Legislature had intended that the People must prove a culpable mental state in relation to the aggravating factor, it could have done so simply by direct expression, and by proper placement in the particular provision, as it has done elsewhere (see, e.g, Penal Law § 220.21 [criminal possession of a controlled substance in the first degree requires knowing *628 possession of a narcotic]; see also, Penal Law § 165.17 [unlawful use of a credit card requires display of a card known to be revoked or canceled, in course of obtaining or attempting to obtain property or service]).
Some legislative history and context are also useful here. The Legislature in 1969 forbade criminal possession of stolen property particularly consisting of a credit card (Penal Law § 165.45 [2]) — as well as grand larceny of a credit card (Penal Law § 155.30 [4]) — to combat growing credit card theft and abuse. It decided to elevate theft and possession of stolen credit cards to felony grade to combat the then growing and now worse problem of credit card theft and forgery (Governor’s Mem, 1969 NY Legis Ann, at 543; Mem of Senator Dunne, 1969 NY Legis Ann, at 43-44). A thief who gains possession of stolen property, especially credit cards, does so in anticipation of its fungible or utilitarian value or character and not ordinarily with prior knowledge of its precise nature, value or character because that is typically unknowable until the theft is completed. This is especially so when one considers how and where credit cards are carried by people and the locations where the crimes are usually committed. To read into the statute by judicial concoction a culpable mental state element of coextensive knowledge of the precise character of the stolen property would sap the statute of its intended purpose, so it is not surprising that the Legislature refrained from such a vain exercise. Inasmuch as the Legislature did not protect professional pickpockets from the full consequences of their criminal acts by adding the extra ingredient of a specific culpable mental state as to the credit card aggravating circumstance, we certainly should not do so contrary to the plain expression of its enactment. Such syntactical and creative interpretation would contradict the special legislative effort to deal with credit card abuse and theft.
Defendant also contends that the statutory presumption embodied in Penal Law § 165.55 (3), which presumption imposes knowledge of theft on a person who possesses two or more stolen credit cards, leads also to the conclusion that knowledge of the credit card character of the stolen property is an element of Penal Law § 165.45 (2). However, that precise statutory presumptive attribution of knowledge that the property is stolen does not create an additional presumption of knowledge also that the stolen property consists of credit cards. Moreover, it certainly does not, by further leap and operation of law, incorporate into Penal Law § 165.45 (2) a *629 culpable mental state element of knowledge of the credit card nature of the possessed stolen property in relation to that aggravating circumstance, which often happens to be the ultimate object of the Fagin-like flimflam.
The courts below properly determined that the People are not required to prove that defendant was cognizant that the stolen property she possessed was a credit card because the statute imposes no such burden. Rather, the correct burden, satisfied by the evidence and instruction to the jury, was only that she knowingly possessed stolen property which, in fact, consisted of a credit card, and which she intended for her own benefit.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order affirmed.