OPINION OF THE COURT
David O. Boehm, J.
On November 14, 1985, plaintiff commenced this negligence *358 action to recover for injuries sustained on March 21, 1985 while a patient at the defendant Latta Road Nursing Home. The complaint alleges that while unattended, plaintiff wandered down the hallway leading to the cellar stairway, opened the cellar door and fell down the stairs. Plaintiff now moves pursuant to CPLR 3025 (b) for leave to serve an amended complaint to assert an additional cause of action alleging violation of Public Health Law § 2801-d.
Subdivision (1) of section 2801-d states: "1. Any residential health care facility that deprives any patient of said facility of any right or benefit, as hereinafter defined, shall be liable to said patient for injuries suffered as a result of said deprivation, except as hereinafter provided. For purposes of this section a 'right or benefit’ of a patient of a residential health care facility shall mean any right or benefit created or established for the well-being of the patient by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation, where noncompliance by said facility with such statute, code, rule or regulation has not been expressly authorized by the appropriate governmental authority”.
One advantage a patient bringing suit under section 2801-d derives is that any damages recovered thereby are exempt from consideration with regard to Medicaid eligibility (Public Health Law § 2801-d [5]). In addition, subdivision (2) provides that compensatory damages recovered may be "no * * * less than twenty-five percent of the daily per-patient rate of payment established for the residential health care facility * * * or * * * the average daily total charges per patient for said facility, for each day that such injury exists.” Subdivision (2) also permits the recovery of punitive damages "where the deprivation of any such right or benefit is found to have been willful or in reckless disregard of the lawful rights of the patient”. In addition, where a judgment is rendered in favor of the patient, the court has the discretion to award attorney fees (§ 2801-d [6]).
In her amended complaint, the plaintiff alleges that a number of regulations and contract provisions were violated by defendants proximately causing her injuries. More specifically, it is alleged that defendants’ failure to lock, label or otherwise prevent access to the cellar stairway violated 10 NYCRR 713.15 and paragraph (1) of the defendants’ admission agreement; that defendants’ failure to have the cellar stairway lighted violated New York State Building Code § 765.1 (e) *359 (9 NYCRR), 10 NYCRR 713.19 (d), and paragraph (1) of defendants’ admission agreement; and that defendants’ failure to provide adequate nursing care to prevent plaintiff from wandering, falling and becoming injured violated 10 NYCRR 416.2, 42 CFR 405.1124, 442.340, 442.342 and paragraph (2) of defendants’ admission agreement. As a result of the violation of these regulations and the admission agreement, plaintiff contends that she was deprived of a "right or benefit” as defined in section 2801-d, and is entitled to compensatory damages for the personal injuries she sustained as well as punitive damages.
Defendants’ position is that section 2801-d has no application under the facts of this case, arguing quite correctly it would seem that the legislative history of the statute reveals that it was enacted as part of a package of legislation dealing with nursing homes and other medical care facilities to insure availability to the court system for patients denied rights of privacy, private communications, civil and religious liberties, financial care, basic medical care, courteous treatment, freedom from mental and physical abuse and other elements of patients’ rights set forth in Public Health Law § 2803-c. Because damages resulting from the deprivation of such rights tend to be small, the minimum damages provision was added.
In response, plaintiff refers to the definition of "right or benefit” contained in subdivision (1), previously quoted, as well as subdivision (4) which provides that the remedies provided are "in addition to and cumulative with any other remedies available * * * at law or in equity or by administrative proceedings.”
There is, of course, a significant difference in the proof required under each of the theories in which plaintiff has framed her action. In negligence, the plaintiff has the burden of proof on each of the requisite elements; duty, breach of duty, injury and proximate cause (IB Warren’s Negligence, Proof of Negligence, ch 9, § 2.01). Where negligence is predicated upon the violation of an agency regulation, such violation is " 'merely some evidence which the jury may consider on the question of defendant’s negligence’ * * * it does not establish negligence as a matter of law” (Long v Forest-Fehlhaber, 55 NY2d 154, 160, quoting Teller v Prospect Hgts. Hosp., 280 NY 456, 460; see generally, 1A Warren’s Negligence, Statutes and Ordinances § 9 et seq.).
In contrast, under section 2801-d, a patient need only prove *360 deprivation by a residential health care facility of any right or benefit created or established for his or her well-being by a statute, code, rule, regulation or contract. Section 2801-d does not, however, impose absolute liability. By pleading and proving that it "exercised all care reasonably necessary to prevent and limit the deprivation and injury for which liability is asserted” (§ 2801-d [1]), the facility may avoid liability. Nevertheless, interpreted as plaintiff urges, section 2801-d would significantly alter the traditional burden of proof requirements in a negligence action whenever injury is suffered by a patient in a health care facility. It is doubtful that this is what the Legislature intended.
An examination of the definition of "right or benefit” is of little help. The statute defines these terms in a rather circular fashion, stating, "a 'right or benefit’ * * * shall mean any right or benefit created or established for the well-being of the patient” (Public Health Law § 2801-d [1]).
The various memoranda which accompanied the enactment of section 2801-d indicate that the rights or benefits referred to by the statute involve certain rights or benefits afforded an individual patient such as the right to privacy, to make decisions regarding medical treatment and financial matters, to be free from mental and physical abuse, to present grievances without fear of reprisal, and those others which are expressly set forth in Public Health Law § 2803-c, entitled "[rjights of patients in certain medical facilities”, and elsewhere (e.g., 10 NYCRR 405.25, 730.17, 740.14).
According to the memorandum of the State Executive Department, the bill’s purpose was to provide nursing home patients "with increased powers to enforce their rights to adequate treatment and care by providing them with a private right of action” (1975 McKinney’s Session Laws of NY, at 1685). In the same context, the Governor’s memorandum refers to "the creation of a patient’s right of action against a facility which fails to meet required standards of care” (1975 McKinney’s Session Laws of NY, at 1764). The State Executive Department’s memorandum points out "[sjeveral methods of increasing the protection of nursing home patients can be identified. Some would involve increased governmental supervision by existing agencies or the creation of new protective boards or bodies. Another approach, and the one embodied in the proposed new statute, would be to create incentives which would encourage private non-governmental parties to help protect the rights of nursing home patients.” (Op. cit, at 1685- *361 1686.) Reference is then made to the statute’s authorization for class actions, a minimum level of compensatory damages, and an award of attorney fees as an inducement to the private bar to bring suits on behalf of the patients, who "have been deprived of adequate food, sanitation, nursing care, therapy, etc.”, and who "are largely helpless and isolated * * * [and] cannot afford attorneys.” (Op. cit, at 1686.)
These memoranda clearly show that the purpose of section 2801-d was to create a private right of action where no such right previously existed. Obviously, the right of a nursing home patient to bring a personal injury action predicated on the nursing home’s negligence existed prior to the passage of section 2801-d. The other objective of section 2801-d, to augment the State’s limited ability to police the care afforded nursing home patients by creating incentives to induce the private bar to prosecute claims, is not necessary in a personal injury action; nor, in such an action, would a patient’s lack of financial resources be a concern because of the availability of a contingent fee arrangement.
That the statute sets a minimum amount of compensatory damages and permits a class action to be brought lends further support to this view. The inclusion of a minimum damages amount suggests that the monetary damages typically resulting from the deprivation of the "rights and benefits” contemplated by section 2801-d would be small or nonexistent. That others would tend to be similarly situated so as to provide a basis for a class action is also not indicative of a typical personal injury action.
Absent a clear expression of an intention to confer a right not vested by the common law, a statute will not be so construed, since it is presumed that the Legislature intended to make no further innovation upon common-law rights than the particular case requires (McKinney’s Cons Laws of NY, Book 1, Statutes § 301 [b]). For instance, the doctrine of implied warranty of habitability legislated in Real Property Law § 235-b has not been construed to extend strict liability thereunder to landlords with regard to derelictions which have traditionally been a matter of tort liability (see, Segal v Justice Ct. Mut. Hous. Coop., 108 Misc 2d 1074; Curry v New York City Hous. Auth., 77 AD2d 534).
For the foregoing reasons it would appear that section 2801-d is limited to those instances where the wrong complained of involves a deprivation of a personal right or benefit contem *362 plated by section 2803-c and 10 NYCRR 730.17. Since the regulations and the contract provisions upon which plaintiff seeks to base her claim under section 2801-d pertain not to specific personal rights or benefits but generally to the condition of the building used by the facility, no claim is stated under that section.
Leave to amend pleadings should be freely granted absent significant prejudice or surprise to the other party (Edenwald Contr. Co. v City of New York, 60 NY2d 957; CPLR 3025 [b]). Although generally the merits or legal sufficiency of a proposed amendment should not be examined on such motion, where, as here, the proposed amendment is clearly and patently insufficient on its face, leave to amend should be denied (see, Newton v Aqua Flo Co., 106 AD2d 919, 920).
Plaintiffs motion for leave to amend is, accordingly, denied.