■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN DAVIS, Appellant.—Judgment unanimously affirmed. Counsel's application to withdraw granted (see, People v Crawford, 71 AD2d 38). (Appeal from Judgment of Monroe County Court, Connell, J.—Criminal Possession of Forged Instrument, 2nd Degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE RAYFORD, Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to defendant's contention that the court erred in its charge on intoxication. The charge, when viewed in its entirety, did not impermissibly shift the burden of proof to defendant (see, People v Lynch, 23 NY2d 262, 268-270). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Burglary, 2nd Degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLIE L. McMURTY, JR., Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that proof that a stolen credit card was valid and unexpired is a necessary element of the crime of grand larceny in the third degree (Penal Law former § 155.30 [4]; see, People v Winfield, 145 AD2d 449, lv denied 73 NY2d 1024). The court did not err in refusing to charge petit larceny as a lesser included offense because there was no reasonable view of the evidence that the items in the purse were not credit cards (see, People v Glover, 57 NY2d 61). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Grand Larceny, 3rd Degree.) Present—Dillon, P. J., Boomer, Green, Pine and Davis, JJ.