■ BARBARA GOLDBERG, Individually and as Administratrix of the Estate of ROSE LIEBER, Deceased, Respondent-Appellant, v PLAZA NURSING HOME COMP., INC., Appellant-Respondent. [635 NYS2d 841] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff is the administratrix of the estate of her mother, Rose Lieber (decedent), who died on June 10,

1992, while a patient at an institution owned by the Plaza Nursing Home Comp., Inc. (defendant). In her amended complaint, plaintiff alleges causes of action for wrongful death, negligent infliction of emotional distress, intentional infliction of emotional distress and a violation of Public Health Law § 2801-d. The amended complaint alleges that decedent awoke from a nap on the afternoon of June 10, 1992, and summoned defendant's employees to release her from a restraint vest that she wore; that defendant's employees ignored decedent's calls for help; and that decedent became agitated and tried to release herself from the restraint. The amended complaint further alleges that, as a result of the foregoing, decedent either was strangled by the vest or was so confused and agitated that she suffered cardiac arrest. The amended answer denies all material allegations of the amended complaint.

Defendant moved and plaintiff cross-moved for summary judgment. Supreme Court denied plaintiff's cross motion in its entirety. It granted defendant's motion to the extent that it dismissed the second and third causes of action, alleging negligent and intentional infliction of emotional distress.

At the outset, by failing to brief the propriety of the court's award of summary judgment to defendant dismissing the second and third causes of action, plaintiff has abandoned that issue on her cross appeal (see, Sto Corp. v Henrietta Bldg. Supplies, 202 AD2d 969, 970; Ciesinski v Town of Aurora, 202 AD2d 984).

The record establishes that the court properly denied summary judgment to both parties regarding the first cause of action for wrongful death because questions of fact exist whether defendant was negligent. A further basis for the denial of summary judgment to plaintiff is her failure to establish that she or any other distributee suffered pecuniary loss by reason of decedent's death (see, Chong v New York City Tr. Auth., 83 AD2d 546, 547; see also, EPTL 5-4.1).

The court should have granted defendant summary judgment dismissing the fourth cause of action, alleging a violation of Public Health Law § 2801-d. We reject the contentions of plaintiff that defendant is attempting to challenge the prima facie sufficiency of that cause of action and that it is foreclosed from doing so because the issue was resolved in plaintiff's favor when the court, by prior order, permitted plaintiff to amend her complaint to allege that cause of action. Defendant moved for summary judgment pursuant to CPLR 3212 and the standard applicable thereto governs the resolution of this motion (see, Zuckerman v City of New York, 49 NY2d 557, 562; Baskin & Sears v Lyons, 188 AD2d 307).

The record establishes that plaintiff's fourth cause of action is predicated on defendant's negligence. The various memoranda that accompanied the enactment of Public Health Law § 2801-d show that the purpose of that section was to provide a remedy to patients in residential health care facilities who are denied the rights and benefits enumerated in Public Health Law § 2803-c (3); the purpose was not to create a new personal injury cause of action based on negligence when that remedy already existed (see, 1975 McKinney's Session Laws of NY, at 1685-1686, 1764; accord, Begandy v Richardson, 134 Misc 2d 357, 360-361). Here, plaintiff possessed the right to bring a wrongful death action predicated upon defendant's negligence notwithstanding the enactment of that section. Thus, we conclude that to give Public Health Law § 2801-d the interpretation urged by plaintiff would authorize a cause of action under that section for every case based upon negligence and implicating a residential health care facility. Further, we conclude that it is unlikely that the Legislature envisioned extension of the principle of strict liability to residential health care facilities for injuries and damages that are traditionally the subject of tort liability.

Therefore, we modify the order on appeal by deleting the fourth ordering paragraph and by granting defendant's motion for summary judgment dismissing the fourth cause of action. (Appeals from Order of Supreme Court, Onondaga County, Nicholson, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Wesley, Balio and Davis, JJ.