■ Lillian Zeides, Respondent, v Hebrew Home for the Aged at Riverdale, Inc., Appellant, et al., Defendant. [753 NYS2d 450] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered June 29, 2001, which denied defendant's motion for summary judgment dismissing the complaint as time-barred, modified, on the law, the facts and in the exercise of discretion, to the extent of granting defendant leave to renew its motion after further discovery, without prejudice to plaintiff's motion to amend the complaint, and otherwise affirmed, without costs.

The complaint in this action asserts causes of action for violations of the Public Health Law, ordinary negligence and wrongful death. The statutory cause of action recites that it is

brought pursuant to Public Health Law § 2801-d, which confers a private right of action on a patient in a nursing home for injuries sustained as the result of the deprivation of specified rights (§ 2801-d [1]). Relief is predicated on Public Health Law § 2803-c (3) (e), specifically deprivation of "the right to receive adequate and appropriate medical care," and alleges that defendants violated 10 NYCRR 415.12 (c) (1) by failing to prevent the development of pressure sores and 10 NYCRR 415.12 (i) (2) by failing to maintain adequate nutrition. As such, it states a cognizable cause of action under the statute (*Goldberg v Plaza Nursing Home Comp.*, 222 AD2d 1082, 1084 [statute affords remedy to patients denied rights enumerated in Public Health Law § 2803-c (3)]; *see also Begandy v Richardson*, 134 Misc 2d 357, 361-362).

The basis of the motion to dismiss the complaint (CPLR 3212) by defendant Hebrew Home for the Aged is the contention that plaintiff's action was commenced more than 2½ years after plaintiff's decedent was discharged from defendant's facility and is thus barred by the limitation of time for instituting a medical malpractice action (CPLR 214-a). The nursing home neither acknowledges nor addresses either the statutory cause of action or the complaint's allegations of ordinary negligence, merely asserting that the action sounds in medical malpractice and should be dismissed as untimely.

As plaintiff points out in her affirmation in opposition, by definition, a nursing home offers health-related services, lodging, board and physical care in addition to professional nursing care (Public Health Law § 2801 [2], [3], [4] [b]). Article 28 of the Public Health Law contains nothing that would indicate an intent to equate its private right of action with one for either medical malpractice or ordinary negligence (*see Begandy*, 134 Misc 2d at 360-361). The statutory basis of liability is neither deviation from accepted standards of medical practice nor breach of a duty of care. Rather, it contemplates injury to the patient caused by the deprivation of a right conferred by contract, statute, regulation, code or rule, subject to the defense that the "facility exercised all care reasonably necessary to prevent and limit the deprivation and injury to the patient" (Public Health Law § 2801-d [1], [2]). As a "liability * * * created or imposed by statute," plaintiff's statutory cause of action is governed by the three-year period of limitations of CPLR 214 (2).

The gravamen of defendant's defense is that "this is, exclusively, a medical malpractice action and was brought after the 2½-year statute of limitations provided by CPLR § 214-a."

Defendant does not identify which causes of action it considers time-barred, concluding that the entire action sounds in medical malpractice and must therefore be dismissed. However, at a minimum, plaintiff has stated a cause of action for violations of rights enumerated under Public Health Law § 2803-c (3), the remedy for which is "in addition to and cumulative with any other remedies available to a patient" (Public Health Law § 2801-d [4]).

The viability of plaintiff's general negligence claim is less clear. The record does not indicate whether the various acts and omissions alleged in the complaint were committed by physicians or by nurses possessing sufficient qualifications to be deemed skilled medical professionals (*see Bleiler v Bodnar*, 65 NY2d 65, 72); nor has defendant offered any authority for extending the class of skilled medical professionals to include practical nurses, orderlies and others who assist in patient care but do not exercise independent medical judgment. The record does not identify the persons who supervised the treatment of plaintiff's decedent; nor does it permit any assessment of the qualifications of the persons involved in providing her with care. However, it remains that for the purposes of the subject motion, it cannot be concluded that the action sounds exclusively in medical malpractice so as to require dismissal pursuant to CPLR 3211 (a) (5).

If defendant has failed to identify the particular causes of action it deems to be barred as untimely, plaintiff has also impermissibly intermingled allegations of medical malpractice and ordinary negligence (*see Miller v Albany Med. Ctr. Hosp.*, 95 AD2d 977, 979). The record indicates that, while the motion to dismiss was pending, plaintiff moved to amend the complaint a second time to state one cause of action seeking relief under the Public Health Law and a second cause of action alleging ordinary negligence. The proposed complaint better serves to sharpen the issues. However, further discovery is necessary to assess the nature of the alleged deficiencies in the care provided by the nursing home. Therefore, it would be appropriate to entertain the motion to amend and permit defendant to renew its application upon completion of discovery. Concur—Ellerin, Rubin and Gonzalez, JJ.

Andrias, J.P., and Friedman, J., dissent in part in a memorandum by Friedman, J., as follows: I agree with the majority's modification of the order on appeal to provide that the denial of defendant nursing home's motion for summary judgment dismissing the complaint as time-barred is without prejudice to renewal after discovery. A claim based on the alleged

negligence of nonphysician health care workers is deemed to sound in medical malpractice, and thus to be governed by the 2¹/₂-year statute of limitations (CPLR 214-a), if the alleged conduct of such workers "bears a substantial relationship to the rendition of medical treatment by a licensed physician" (*Bleiler v Bodnar*, 65 NY2d 65, 72). Stated otherwise, the limitation period for medical malpractice will apply to a claim based on negligence by a nonphysician if "the conduct at issue constituted an integral part of the process of rendering medical treatment to [the patient]" (*Scott v Uljanov*, 74 NY2d 673, 675). Since it is impossible, on the sparse record before us, to determine whether "the conduct at issue constituted an integral part of the process of rendering medical treatment" to plaintiff's decedent, such determination must await further development of the factual record through discovery (*see Edbauer v Harris Hill Nursing Facility*, 245 AD2d 1103, 1104).

I cannot join, however, in the majority's discussion of the cause of action asserted under Public Health Law § 2801-d. The parties' appellate briefs conspicuously share the assumption that the personal injury and statutory causes of action stand or fall together on the time-bar issue, that is to say, either that both claims are governed by CPLR 214 (5) or that both claims are governed by CPLR 214-a. Nonetheless, the majority reaches out, on its own initiative, to opine that the statutory cause of action is governed by a third provision of the statute of limitations (CPLR 214 [2]), which neither party has even cited, let alone discussed. My difficulty with the majority's reaching out to distinguish the statutory cause of action from the personal injury cause of action is highlighted by the fact that the only reference to the Public Health Law in plaintiff's brief is to invoke defendant's alleged statutory and regulatory violations as evidence of negligence. In my view, the majority's judicial recasting of the terms on which the parties have litigated the case is unwarranted.

I also take issue with the majority's treatment of *Goldberg v Plaza Nursing Home Comp.* (222 AD2d 1082) and *Begandy v Richardson* (134 Misc 2d 357), which are apparently the only reported decisions to have construed the scope of the cause of action created by Public Health Law § 2801-d. *Goldberg* and *Begandy* both hold, based on the relevant legislative history, that the purpose of section 2801-d was "not to create a new personal injury cause of action based on negligence when that remedy already existed" (*Goldberg*, 222 AD2d at 1084), but to provide a remedy for the denial of the essentially dignitary rights and benefits enumerated by Public Health Law

§ 2803-c (3). The parties have not even discussed whether plaintiff has stated a cause of action under this statute, and, in my view, we need not and should not address that issue.