OPINION OF THE COURT
Dianne T. Renwick, J.
*1037 Plaintiff Fannie L. Pasqua commenced this action seeking to recover money damages for personal injuries sustained while a patient at a residential health care facility. The complaint alleges that, on several occasions, plaintiff was left unattended and fell as she walked without proper assistance while a resident at Schervier Nursing Care Center. From those facts, plaintiff avers causes of action based on common law (e.g., negligence and malpractice) and violation of article 28 of the Public Health Law. Defendant Bon Secours New York Health Systems, Inc.[1] now moves for partial summary judgment, pursuant to CPLR 3212, dismissing any and all claims based upon the statutory right of action under the Public Health Law as impermissibly duplicative of the common-law claims.
Factual and Legal Background
Responding to a series of scandals concerning abuse of residents in nursing homes in the 1970s, the New York State Legislature passed laws regulating residential health care facilities. One of the remedial statutes, Public Health Law § 2801-d, established a private right of action for residents who sustain injuries as a result of deprivation of rights or benefits by the facility. Specifically, the statute provides that a nursing home that “deprives any patient... of any right or benefit, as hereinafter defined, shall be liable to said patient for injuries suffered as a result of said deprivation.” (Public Health Law § 2801-d [1].) Right or benefit is defined as: “any right or benefit created or established for the well-being of the patient by the terms of any contract, by any state statute, code, rule or regulation or by any applicable federal statute, code, rule or regulation, where noncompliance by said facility . . . has not been expressly authorized.” (Id.)
Here, the allegations in the complaint are sufficient to state a claim under Public Health Law § 2801-d (1). Such cause of action is premised on the alleged deprivation of plaintiff Pasqua’s rights to appropriate medical and nursing care, including the failure to provide sufficiently- and properly-trained personnel to assist plaintiff in ambulating, and the failure to provide sufficient and adequate personnel to attend to plaintiff’s needs while a resident of defendant’s nursing home. (See Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178 [1st Dept 2002]; Morisett v Terence Cardinal Cooke Health Care Ctr., 8 Misc 3d 506 [Sup Ct, NY County 2005].)
*1038 Defendant nursing health care facility, however, argues that plaintiff patient is precluded from raising such statutory claim since it is based upon the same factual allegations upon which plaintiff relies to demonstrate her tort claims (negligence and malpractice), namely, that her two accidents occurred when she was left unattended and allowed to walk without proper assistance. According to defendant, a plaintiff cannot plead, prove or recover damages under both common-law principles and under Public Health Law § 2801-d (1) from the same act, omission or violation. In essence, defendant argues that Public Health Law § 2801-d (1) is limited to new rights not protected under common law.
Discussion
In support of its argument of the prohibition on concurrent remedies, defendant relies primarily upon the Fourth Department holding in Goldberg v Plaza Nursing Home Comp. (222 AD2d 1082 [4th Dept 1995]), which Appellate Division department was the first — and the decision one of few — to analyze a right of action under Public Health Law § 2801-d (1). That case involved a nursing home resident who died, from either strangulation or cardiac arrest, when the facility’s employees failed to respond to her calls to release her from a vest restraint. The Goldberg court held that those facts did not state a cause of action under Public Health Law § 2801-d (1). It found that the purpose of the statutory action was to provide a remedy for patients who are denied rights under Public Health Law § 2803-c and that it was “not to create a new personal injury cause of action based on negligence when that remedy already existed.” Since the plaintiff had a wrongful death action based upon negligence, the Goldberg court reasoned, an additional statutory cause of action was not warranted, and to permit one would extend the statute to every negligence case involving a residential care facility. (Goldberg, 222 AD2d at 1084.)
The Fourth Department, however, later revisited the same issue in Doe v Westfall Health Care Ctr. (303 AD2d 102 [4th Dept 2002]), and explicitly overruled Goldberg’s prohibition on concurrent remedies of common law and Public Health Law § 2801-d (1). Doe involved a woman in a vegetative state who was raped and impregnated by a male attendant in the defendant’s nursing home. She gave birth to a baby boy and subsequently died of causes unrelated to the pregnancy. A lawsuit filed by her estate asserted causes of action for *1039 negligence, violation of Public Health Law § 2801-d (1), breach of contract, strict liability, and breach of warranty of habitability. The trial court dismissed the Public Health Law cause of action, as well as those for strict liability and breach of warranty. That left only the causes of action for negligence and breach of contract, and the negligence cause of action was limited to negligent hiring, training and supervision of employees.
On appeal, however, the Appellate Division, Fourth Department, in Doe, reinstated the statutory cause of action. The deprived right upon which the cause of action was premised was the freedom from abuse provided for in Public Health Law § 2803-c and in the contract with the nursing home. With reference to its prior holding in Goldberg, the Doe court stated (at 109):
“We decline to apply the reasoning set forth in Goldberg. Instead, we conclude that the clear intent of section 2801-d was to expand the existing remedies for conduct that, although constituting grievous and actionable violations of important rights, did not give rise to damages of sufficient monetary value to justify litigation.”
Instead, the Doe court (at 110) found that the rape of the plaintiffs decedent “is precisely the sort of conduct that [section 2801-d] was designed to target, but recovery for such conduct is often barred for plaintiffs who sue at common law.” In this regard, the Doe court pointed out, claims for sexual assault based on negligent hiring, training and supervision usually flounder due to the absence of foreseeability. Because nursing home patients are a particularly “vulnerable population,” the Doe court noted (at 111), the Legislature provided them with an easier route for enforcing rights and holding their caretakers liable. Citing the provision of Public Health Law § 2801-d (4) that the statutory remedies are “in addition to” other remedies, the Court found (at 112) that “[i]t is precisely because of the inadequacy of the existing common-law causes of action to redress abuse of patients in nursing homes that Public Health Law § 2801-d was enacted.” Therefore, the Doe court reasoned, the Legislature could not have intended to prevent patients from asserting a statutory claim merely because their common-law claims survived a motion to dismiss. (Id.)
The Doe court concluded by holding: “We therefore overrule our decision in Goldberg insofar as we determined therein that *1040 summary judgment dismissing the Public Health Law cause of action was appropriate despite doubt concerning the efficacy of the remaining common-law cause of action” (id.) and that the statutory cause of action will stand in Doe even if those for negligence and breach of contract do not survive further motions. It further expressly “reject[ed] any unintended implication in Goldberg . . . that fiduciary representatives of incompetent patients who are abused in skilled nursing homes have no redress for that abuse” (id.).
Some trial courts and legal commentators have interpreted the Doe decision to stand for the proposition that a Public Health Law § 2801-d (1) cause of action does not lie where there is an adequate remedy to the plaintiff under existing tort law. (See e.g., Acevedo v Augustana Lutheran Home, 7 Misc 3d 1005[A], 2004 NY Slip Op 51867[U] [Sup Ct, Kings County 2004]; Jacobs v Newton, 1 Misc 3d 171 [Civ Ct, Kings County 2003]; Peter A. Kolbert and John C. Webber, Public Health Law § 2801-d: A Remedy For Every Wrong?, NYLJ, Apr. 15, 2005, at 4, col 4; see also, Begandy v Richardson, 134 Misc 2d 357 [Sup Ct, Monroe County 1987].) For example, in Bielewicz v Maplewood Nursing Home, Inc. (4 Misc 3d 475 [Sup Ct, Monroe County 2004]), the complaint alleged negligent supervision involving a wheelchair-bound patient who, like plaintiff in this case, was left unattended and fell. Procedurally, the plaintiff sought to amend the pleadings to add a Public Health Law § 2801-d (1) cause of action. The court denied the amendment, quoting from the language of the Doe decision that section 2801-d (1) provided a remedy where a violation had occurred which otherwise “did not give rise to damages of sufficient monetary value to justify litigation.” (4 Misc 3d at 479, quoting Doe v Westfall Health Care Ctr., 303 AD2d 102, 109 [2002].) As the Bielewicz decision explains, this “careful language shows that this exception was not meant to authorize a private cause of action in every negligence case.” (Id.) Rather, under this interpretation of Doe, in a case where there is no difficulty with plaintiffs proof and no bar to recovery in negligence or malpractice, Goldberg would not seem to be overruled by Doe and the Goldberg rule, proscribing concurrent remedies, would apply*
Under Bielewicz’s interpretation of Doe, plaintiff herein would have no viable cause of action under Public Health Law § 2801-d (1). As noted above, such statutory claim is based upon the same factual allegations upon which plaintiff relies to establish *1041 her tort claims (negligence and malpractice), namely, that her two accidents occurred when she was left unattended and allowed to walk without proper assistance. In addition, no allegation has been made that plaintiff does not have a viable claim of sufficient monetary value under the theory of negligence or malpractice. Bielewicz is, however, a trial court level decision and therefore has no binding authority on this court of concurrent jurisdiction. “A decision of a court of equal or inferior jurisdiction is not necessarily controlling, though entitled to respectful consideration.” (McKinney’s Cons Laws of NY, Book 1, Statutes § 72, at 143-144.)
Even if this court were to accept Bielewicz’s interpretation of Doe as completely accurate, this court is not required to accept such interpretation as binding on this court since the Appellate Division, First Department, has a different view on the scope of the nursing home claims under Public Health Law § 2801-d (1). The general rule is that inferior courts must follow applicable decisions of the Appellate Division in its department, where the Court of Appeals has not established a precedent on an issue. This concept is founded upon the bedrock principle of stare decisis (Mountain View Coach Lines v Storms, 102 AD2d 663 [2d Dept 1984]; People v Brisotti, 169 Misc 2d 672 [App Term, 1st Dept 1996]; People v McMurty, 141 Misc 2d 510 [Sup Ct, Monroe County 1987], affd 174 AD2d 988 [4th Dept 1991]; Josephson v Josephson, 121 Misc 2d 572 [Sup Ct, NY County 1983]), and “the fact that there is in New York State but one Appellate Division, albeit divided into four Departments.” (Reyes v Sanchez-Pena, 191 Misc 2d 600, 606 [Sup Ct, Bronx County 2002].) Consequently, in this action, this court is constrained to adhere to the pronouncement of the First Department.
The Appellate Division, First Department, has taken the view, as expressed in Zeides v Hebrew Home for Aged at Riverdale (300 AD2d 178 [1st Dept 2002]), that a nursing home claim under Public Health Law § 2801-d (1) may accompany a common-law tort claim. Shortly before Doe was decided, the First Department issued the decision in Zeides (supra), which addressed the scope of a cause of action under Public Health Law § 2801-d (1) in resolving a statute of limitations issue. The plaintiffs decedent in that case sustained injuries including bed sores, malnutrition and falls while a resident in the defendant nursing home. The complaint alleged negligence, wrongful death and a cause of action under Public Health Law § 2801-d (1), premised upon deprivations of rights under Public Health Law *1042 § 2803-c and section 415.12 of the Health Code (10 NYCRR). The defendant moved to dismiss the action as barred by the 2V2-year statute of limitations applicable to medical malpractice actions. The Supreme Court, Bronx County, denied the motion.
The Appellate Division affirmed the trial court’s decision. The Zeides court determined that, while the negligence claim may have been intermingled with claims of malpractice such that the defendant should be permitted to renew the motion as to that claim upon the completion of discovery, the cause of action under the Public Health Law was not barred by the malpractice statute of limitations. The Zeides court found that the statute “contains nothing that would indicate an intent to equate its private right of action with one for either medical malpractice or ordinary negligence.” (300 AD2d at 179.) Noting that the statutory basis for liability is neither a departure from proper practice nor a breach of duty of care, but rather a deprivation of a right, the Zeides court rejected the defendant’s argument that the entire action was for malpractice. It found that “at a minimum, plaintiff has stated a cause of action for violations of rights enumerated under Public Health Law § 2803-c (3), the remedy for which is ‘in addition to and cumulative with any other remedies available to a patient’ (Public Health Law § 2801-d [4]).” (Id. at 180.) Therefore, the Zeides court held, the applicable statute of limitations was the three-year period under CPLR 214 (2), which applies to actions for liability imposed by statute.
Nothing in Zeides (supra) suggests to this court that the Appellate Division, First Department, would adhere to the Fourth Department’s strict interpretation of Public Health Law § 2801-d (1) so as to restrict the availability of such a claim to only where a party has no viable claim of sufficient monetary value under a theory of negligence or malpractice. On the contrary, Zeides (supra) relies upon the express language of the statute which states that the remedies under Public Health Law § 2801-d (1) are “in addition to and cumulative with any other remedies available to a patient.” (300 AD2d at 180, quoting Public Health Law § 2801-d [4].) Thus, that the same injuries may also have been attributable to malpractice or negligence cannot preclude the statutory action in light of the express provision that the action is in addition to and cumulative with remedies available under the law. (See Morisett v Terence Cardinal Cooke Health Care Ctr., 8 Misc 3d 506 [Sup Ct, NY County 2005].)
*1043 Moreover, those decisions that have narrowly interpreted the scope of Public Health Law § 2801-d (1) — limiting a nursing home statutory claim to such instances where a plaintiff has no viable common-law remedy — have failed to recognize that there is a significant difference in the proof required under common law versus a statutory nursing home claim under Public Health Law § 2801-d (1). For instance, the plaintiffs burden under a negligence claim requires proof of a duty, breach of a duty, injury and proximate cause. In contrast, a claim under Public Health Law § 2801-d (1) requires proof of a deprivation by a residential health care facility of any right or benefit created or established by law for a patient’s well-being by a statute, code, rule, regulation or contract.[2] Thus, there may be circumstances where a plaintiff would succeed on a statutory claim, but not on a common-law claim, or vice versa, since such claims are not duplicative.
Significantly, one trial court decision in the First Department (Morisett v Terence Cardinal Cooke Health Care Ctr., 8 Misc 3d 506 [Sup Ct, NY County 2005]) has also rejected the Fourth Department’s strict interpretation of Public Health Law § 2801-d (1), albeit relying heavily upon the legislative history of the statute, but citing Zeides (supra) among other cases. In Morisett v Terence Cardinal Cooke Health Care Ctr. (supra), plaintiff alleged, inter alia, that the nursing home subjected the patient to significant medication errors and failed to properly provide and implement a plan of care and to provide adequate facilities and personnel to care for the patient, who allegedly required close supervision and was at high risk for respiratory arrest, thereby causing her to “plug from mucous” and suffer respiratory arrest, brain injury, and death. The Morisett court found that such allegations were sufficient to state a claim under the statute providing a private right of action to nursing home patients injured as a result of deprivation of any right or benefit established for that patient’s well-being. With regard to the argument that a Public Health Law § 2801-d (1) claim is available only where a party has no viable claim of sufficient monetary value under a theory of negligence or malpractice, the Morisett court categorically rejected the argument by citing to *1044 the legislative history which “evinces an intent to provide an additional avenue of relief to the vulnerable nursing home population to insure that their rights are enforced.” (8 Misc 3d at 514.) To hold otherwise would be essentially to disregard the express language of the statute which states that the remedies under Public Health Law § 2801-d (1) are “in addition to and cumulative with any other remedies available to a patient, at law or in equity or by administrative proceedings.” (Public Health Law § 2801-d [4]; see Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178 [1st Dept 2002].) Accordingly, defendant’s motion must be denied.
Conclusion
In short, the nursing health care facility’s position on its motion for summary judgment, that a claim against a nursing home under Public Health Law § 2801-d (1) is not available where a patient has a viable claim under common law, is consistent with the cases emanating from the Fourth Department that have interpreted the scope of Public Health Law § 2801-d (1). However, the cases from the First Department have a divergent view on the issue. The cases from the First Department have interpreted the statute more broadly so as to permit a plaintiff to proceed with a cause of action under Public Health Law § 2801-d, which provides a private right of action to nursing home patients injured as a result of a deprivation of any right or benefit established for that patient’s well-being by contract or state or federal statute, code, rule or regulation, even if the plaintiff has simultaneously asserted traditional medical malpractice and negligence claims. Accordingly, defendant’s motion is denied pursuant to Zeides v Hebrew Home for Aged at Riverdale (supra) and its progeny.

. Defendant Bon Secours New York Health Systems, Inc. does business as Schervier Nursing Care Center.

. Under Public Health Law § 2801-d (1), once a plaintiff makes a prima facie showing of a deprivation of an enumerated right or benefit, the burden of proof shifts to the defendant facility to prove as an affirmative defense that the facility “exercised all care reasonably necessary to prevent and limit the deprivation and injury for which liability is asserted.”