Petrella v Fairport Baptist Home (2020 NY Slip Op 06624)





Petrella v Fairport Baptist Home


2020 NY Slip Op 06624


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND BANNISTER, JJ.


764 CA 19-02270

[*1]DIANNA PETRELLA, PLAINTIFF-APPELLANT,
v
FAIRPORT BAPTIST HOME, AS OPERATOR OF FAIRPORT BAPTIST HOMES, DEFENDANT-RESPONDENT. 






LADUCA LAW FIRM, LLP, ROCHESTER (MICHAEL STEINBERG OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (V. CHRISTOPHER POTENZA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (William K. Taylor, J.), entered May 21, 2019. The judgment awarded plaintiff money damages upon a jury verdict. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for pain and suffering arising from a bedsore she developed during a stay at defendant's nursing home. The amended complaint asserted causes of action for negligence and violation of Public Health Law § 2801-d. The matter proceeded to trial, where the jury awarded plaintiff damages of $50,000 for past pain and suffering on her negligence cause of action. The jury did not find that defendant violated Public Health Law § 2801-d. On appeal, plaintiff contends that Supreme Court abused its discretion in refusing to instruct the jury on 10 NYCRR 415.12 (c) as a basis to find defendant liable on the section 2801-d cause of action.
Even assuming, arguendo, that the court abused its discretion in denying plaintiff's request for that charge, we nevertheless affirm inasmuch as plaintiff stipulated that she sought only a "judgment as a matter of law" and the remedy for the alleged error would be a new trial on the Public Health Law cause of action, which is separate and distinct from the negligence cause of action (see Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178, 179 [1st Dept 2002]), not a judgment on a claim that was never considered by the jury (see generally Peguero v 601 Realty Corp., 58 AD3d 556, 564 [1st Dept
2009]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court