Smith v Northern Manhattan Nursing Home, Inc. (2021 NY Slip Op 03818)





Smith v Northern Manhattan Nursing Home, Inc.


2021 NY Slip Op 03818


Decided on June 15, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 15, 2021

Before: Renwick, J.P., Kern, Singh, Moulton, JJ. 


Index No. 805104/14 Appeal No. 14060-14060A Case No. 2021-00642 

[*1]Frederick Smith etc., Plaintiff-Respondent,
v
Northern Manhattan Nursing Home, Inc., Defendant-Appellant.


Caitlin Robin & Associates, PLLC, New York (Mark Laughlin of counsel), for appellant.
Jacoby & Meyers, LLP, Newburgh (Andrew L. Spitz of counsel), for respondent.



Judgment, Supreme Court, New York County (Lucy Billings, J.), entered February 23, 2021, upon a jury verdict, insofar as appealed from as limited by the briefs, awarding plaintiff $2.5 million for pain and suffering, and the appeal therefrom bringing up for review the grant at trial of plaintiff's motion for a directed verdict on liability and causation on her nursing malpractice and Public Health Law § 2801-d claims, and an order, same court and Justice, entered September 10, 2020, which denied defendant's motion to set aside the pain and suffering award, unanimously modified, on the law, to vacate the award of $2.5 million for pain and suffering and to direct a new trial on damages for conscious pain and suffering, and otherwise affirmed, without costs.
The trial court correctly granted plaintiff's motion for a directed verdict on liability and causation on her Public Health Law (PHL) § 2801-d and nursing malpractice claims. Plaintiff presented evidence that the decedent was found nonresponsive due to low blood sugar in the morning of October 22, 2011, was left unmonitored for hours thereafter, and was not taken to a hospital until that evening. Plaintiff also presented expert testimony that defendant departed from the standard of care and from its own protocols by failing to appropriately monitor the decedent's blood sugar levels or to timely send him to the hospital and that, as a result, the decedent suffered brain injury and death. Defendant did not present any expert witnesses to rebut plaintiff's experts' testimony, and its claims that the decedent might have been subject to additional, undocumented monitoring are purely speculative and unsupported by any evidence.
The court should not have allowed the jury to award damages for pain and suffering without first determining that the decedent "experienced some level of cognitive awareness following the injury" (Sanchez v City of New York, 97 AD3d 501, 506 [1st Dept 2012]). There is no legal basis for applying this rule in the general negligence/malpractice context but not in the context of a violation of PHL 2801-d. Although PHL 2801-d(4) provides that "[t]he remedies provided in this section are in addition to and cumulative with any other remedies available to a patient, . . . including tort causes of action, and may be granted regardless of whether such other remedies are available or are sought," this language has been interpreted as authorizing a separate cause of action, not a separate category of damages (see Kash v Jewish Home & Infirmary of Rochester, N.Y., Inc., 61 AD3d 146, 149-150 [4th Dept 2009]; Zeides v Hebrew Home for Aged at Riverdale, 300 AD2d 178, 179-80 [1st Dept 2002], appeal withdrawn 1 NY3d 623 [2004]).
While a jury could reasonably have concluded based on the weight of the credible evidence that the decedent had the requisite cognitive awareness, this is not the only reasonable conclusion that the jury could have drawn. By omitting any discussion of "consciousness" [*2]from its jury charge or the verdict sheet, the court essentially, and improperly, took this issue away from the jury.
In view of our disposition of these issues, we need not reach defendant's argument that the amount of the jury award was excessive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 15, 2021